

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2021

**BY ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    ***United States v. Whitney McFarland*, 21 Cr. 33 (PGG)**

Dear Judge Gardephe:

      The Government respectfully submits this letter in advance of the May 24, 2021 sentencing of defendant Whitney McFarland in the above-captioned case. For the reasons set forth below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 46 to 57 months' imprisonment is necessary to serve the purposes of sentencing.

## I.  OFFENSE CONDUCT AND CRIMINAL HISTORY

      In July 2020, the defendant participated in a conspiracy to traffic five kilograms of heroin in New York City. In early July, a coconspirator of the defendant spoke with an undercover agent (the "UC") who was posing as a source of supply of imported heroin. The coconspirator asked the UC to meet two different people to provide them with five kilograms of heroin each. Shortly thereafter, another coconspirator called the UC and said he would be connecting the UC with an associate of his (the defendant), to whom the UC should deliver one of the sets of five kilograms. Over the next several days, this second coconspirator arranged for a meeting between the UC and the defendant.[1]

      On or about July 8, 2020, the defendant spoke to the UC by telephone and confirmed that he would be meeting with the UC on behalf of the coconspirators. Later that day, the defendant arrived at the agreed-upon meeting location in Manhattan and met with the UC. The UC handed the defendant a bag containing five kilogram bricks of sham heroin, and the defendant opened the bag to confirm its contents. The defendant then gave the UC $200 for his time and attempted to depart but was detained by the agents. The defendant later admitted his criminal conduct and was subsequently charged by complaint. (*See generally* Presentence Report ("PSR") ¶¶ 7-18).

---

[1] The recipient of the other set of five kilograms has been separately charged in this District.

The defendant's criminal history is unusually extensive and comprises 27 separate criminal convictions. Many of these convictions are for possession of narcotics and resulted in little or no incarceration, though some cases involve more serious narcotics offenses, burglary, possession of a weapon, or resisting arrest. All but one of the convictions receive no criminal history points under the Sentencing Guidelines due to their age.

- In or about July 1982, the defendant was adjudicated a youthful offender for committing attempted burglary in the second degree, criminal mischief in the fourth degree, possession of burglar tools, and possession of stolen property in the third degree and was sentenced to one to three years' imprisonment. (PSR ¶ 37).

- In or about April 1983, the defendant was convicted of attempted burglary in the second degree and was sentenced to six months' imprisonment. (PSR ¶ 36).

- In or about January 1987, in two separate cases, the defendant was convicted of criminal possession of a controlled substance in the fifth degree and was sentenced to 18 to 54 months' imprisonment in each case. Parole was revoked in one of these cases in 1989. (PSR ¶¶ 38-39).

- In or about April 1989, the defendant was convicted of criminal sale of a controlled substance in the fifth degree and was sentenced to two to four years' imprisonment. Parole was revoked in 1991. (PSR ¶ 40).

- In or about June 1991, the defendant was convicted of attempted criminal possession of a controlled substance in the fifth degree with intent to sell and was sentenced to two to four years' imprisonment. The defendant repeatedly violated parole and was reincarcerated until his maximum expiration date. (PSR ¶ 41).

- In or about May 2008, the defendant was convicted of criminal possession of a weapon in the fourth degree and was sentenced to 15 days' imprisonment. (PSR ¶ 61).

- In or about October 2008, the defendant was convicted in two separate cases of resisting arrest and was sentenced to a conditional discharge in each case. (PSR ¶¶ 57-58).

- Between in or about September 1998 and in or about May 2011, the defendant sustained 19 separate convictions for criminal possession of a controlled substance in the seventh degree. The sentences imposed on these cases included nine conditional discharges, six sentences of time served, and sentences of imprisonment of 89 days, four months, six months, and six months. (PSR ¶¶ 42-56, 59-60, 62, 67).

## II.  CHARGE, GUILTY PLEA, APPLICABLE GUIDELINES RANGE

The offense charged in Count One of the Information carries a maximum term of imprisonment of life; a mandatory minimum term of imprisonment of ten years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of five years; a maximum fine of $10,000,000; and a $100 mandatory special assessment. (PSR ¶¶ 105, 108, 112-

113).  In this case, the parties have agreed that the defendant meets the "safety valve" criteria set forth in 18 U.S.C. § 3553(f) and is therefore not subject to the mandatory minimum terms of imprisonment and supervised release.

Under the Sentencing Guidelines, the defendant's base offense level is 30 because the offense involved at least three kilograms but less than ten kilograms of heroin, including a two-level compounded decrease in light of the defendant's minor role adjustment.  *See* U.S.S.G. § 2D1.1(a)(5).  After a two-level decrease for successful completion of the safety-valve process, a two-level decrease for minor participation, and a three-level decrease for acceptance of responsibility, the defendant's total offense level is 23.  Because only one of the defendant's many prior convictions results in criminal history points, the defendant is in Criminal History Category I.  (PSR ¶¶ 4, 63-64).

Accordingly, the applicable Guidelines Range—as stipulated by the parties in the plea agreement—is 46 to 57 months' imprisonment (the "Stipulated Guidelines Range").  (PSR ¶ 106).

## III.  DISCUSSION

### A.  Applicable Law

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 49.

After making that calculation, the Court must consider the factors outlined in 18 U.S.C. § 3553(a):  (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)     to afford adequate deterrence to criminal conduct;
(C)     to protect the public from further crimes of the defendant; and
(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Although the Court may not presume the reasonableness of a within-Guidelines sentence, the Second Circuit has recognized that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." (quotations omitted)).

## B.  The Court Should Impose a Sentence Within the Stipulated Guidelines Range

In this case, the nature and circumstances of the defendant's offense, his criminal history, and the need to promote respect for the law, to provide just punishment, to deter future criminal conduct, and to protect the public from future crimes of the defendant all weigh in favor of a sentence of imprisonment within the Stipulated Guidelines Range of 46 to 57 months.

A substantial sentence as called for by the Sentencing Guidelines is appropriate to reflect the seriousness of the defendant's criminal conduct, to provide just punishment for the offense, and to promote respect for the law.  The defendant contributed to the opioid crisis facing our country and New York City in particular.  The drug trade has real and lasting impacts on our communities.  This Court is well-familiar with the dangers posed by heroin and other opioids and the destruction that these dangerous poisons are causing in our communities.  The defendant assisted in trafficking an extremely large quantity of dangerous drugs—five kilograms, or hundreds of thousands of doses, worth of heroin—reflecting a troubling disregard for the risk of harm or death to others that his conduct created.

A substantial sentence is also necessary to afford adequate deterrence of criminal conduct—both for the defendant specifically and for society in general—and to protect the public from future similar conduct by the defendant.  The defendant and others who engage in the trafficking of dangerous substances must understand that their actions have a real and adverse impact on our communities, and those who perpetuate the drug problem in this country will be punished appropriately.  The defendant's criminal history is extensive—27 separate convictions—and the Government believes that the applicable Criminal History Category I substantially underrepresents the seriousness and extent of the defendant's history with the criminal justice system.  That history reflects a troubling unwillingness and inability to live within the bounds of the law and gives this Court every reason to think the defendant will continue offending in the future.  A significant sentence of imprisonment, as called for by the Stipulated Guidelines Range, is necessary to ensure that the defendant understands that he cannot continue returning to criminal conduct in the future and must instead live a law-abiding life.

The Government believes that many of the circumstances of this case relied on by the defense in seeking leniency are already factored into the applicable Guidelines Range.  The parties have already agreed that a two-level reduction in offense level is appropriate under the Sentencing Guidelines to reflect the defendant's relatively minor role in the offense.  This also resulted in a further two-level reduction under U.S.S.G. § 2D1.1(a)(5).  When combined with the two-level reduction from the safety valve process, the three-level reduction for acceptance of responsibility, and the understatement of the defendant's criminal history, the defendant's Sentencing Guidelines

are already substantially below those faced by most defendants who traffic in five kilograms of heroin with extensive criminal histories. The Government submits that a non-incarceratory sentence as requested by the defense would fail to satisfy the purposes of sentencing and would risk creating unwarranted disparities among similarly situated defendants.

## IV. CONCLUSION

For the reasons set forth above, the Court should impose a sentence within the Stipulated Guidelines Range of 46 to 57 months' imprisonment.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: _____
Jacob R. Fiddelman
Kedar S. Bhatia
Assistant United States Attorneys
(212) 637-1024 / 2465

cc:    Amy Gallicchio, Esq.